# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2026

Lyle W. Cayce
Clerk

No. 24-60649

Starbucks Corporation,

*Petitioner/Cross-Respondent*,

*versus*

National Labor Relations Board,

*Respondent/Cross-Petitioner*.

_____

Petition for Review from an Order of the
National Labor Relations Board
Agency No. 03-CA-296757
Agency No. 03-CA-299016
Agency No. 03-CA-302451

_____

Before Stewart, Graves, and Oldham, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

Employees at two Starbucks locations in upstate New York began unionizing campaigns in the Spring of 2022. At the first, the Latham store, union organizer and shift supervisor James Schenk was terminated after a series of infractions including using profanity about a coworker in a group chat, failing to complete all tasks during a shift, and opening a letter addressed to Starbucks. At the second, the Stuyvesant store, employees testified that the district manager, Beate Kuhnle-Hambster, substantially

increased her presence during the union campaign. The National Labor Relations Board ("the Board") filed an Amended consolidated complaint alleging various violations of the National Labor Relations Act ("NLRA").

The ALJ concluded that Starbucks' termination of Schenk at the Latham store did not violate the NLRA, but that Kuhnle-Hambster's increased presence at the Stuyvesant store created the unlawful impression of surveillance. The Board agreed regarding the Stuyvesant store but disagreed about Schenk's termination at the Latham store. Instead, it concluded that Starbucks would not have disciplined or terminated Schenk but for his protected union-related activities. Starbucks filed a petition for review, and the Board filed an application for enforcement.

We review the Board's factual findings for substantial evidence. *Renew Home Health v. NLRB*, 95 F.4th 231, 239 (5th Cir. 2024). "Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion." *IBEW, AFL-CIO, CLC, Loc. Unions 605 & 985 v. NLRB*, 973 F.3d 451, 457 (5th Cir. 2020) (citation modified). "It is more than a mere scintilla, and less than a preponderance." *El Paso Elec. Co. v. NLRB*, 681 F.3d 651, 656 (5th Cir. 2012) (citation modified).

But the Board must nevertheless consider "contradictory evidence or evidence from which conflicting inferences could be drawn." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951). Accordingly, we may remand for further consideration when the Board fails to do so. *See Entergy Miss., Inc. v. NLRB*, 810 F.3d 287, 298 (5th Cir. 2015).

We are not convinced the Board adequately considered contradictory evidence. For one, the Board's decision did not sufficiently address evidence that no other employee had used such extreme profanity targeted at coworkers. It noted evidence that other employees used profanity in the

workplace, but that is a far cry from such extreme and sexist language aimed at a fellow employee and his supervisor. Next, the Board concluded that earlier events that led to disciplinary action against Schenk were not "relevantly similar" to his obscene text messages. While not factually identical, an earlier discipline also involved profanity in the workplace, so the Board should at least consider whether Starbucks would have seen this as an escalating issue.

The Board also did not properly grapple with the fact that no other shift supervisors failed to complete closing tasks while on final warning. Again, this key fact may distinguish his infraction from infractions by other shift supervisors. Finally, the Board gave only cursory attention to evidence that employees generally did not open mail and that Schenk himself stated that he opened that particular letter because he did not believe Starbucks would share its contents with its employees. Even if employees occasionally opened certain items, such as packages, it is possible that a reasonable employer would have responded much differently to Schenk opening official mail from the NLRB.

Given these deficits in the Board's reasoning, its decision should be vacated and the case remanded. *See id.* at 297–98 (vacating and remanding to the Board when it "ignored [relevant] evidence when explaining its reasoning"); *Carpenters & Millwrights, Loc. Union 2471 v. NLRB*, 481 F.3d 804, 813 (D.C. Cir. 2007) (vacating and remanding when the Board "failed to explain why it rejected evidence that is contrary to that finding").

The Board is the primary decisionmaker for adjudications of this kind. *See Harris v. Bessent*, 160 F.4th 1235, 1252 (D.C. Cir. 2025). It is thus best suited to resolve factual disputes and so it must "grapple with countervailing portions of the record." *Dish Network Corp. v. Nat'l Lab. Rels. Bd.*, 953 F.3d 370, 377 (5th Cir. 2020). It did not fully do so here. So, we GRANT the

No. 24-60649

petition for review, VACATE the Board's decision, and REMAND for further proceedings consistent with this opinion.

No. 24-60649

ANDREW S. OLDHAM, *Circuit Judge*, concurring in part:

I wholeheartedly agree with my esteemed colleagues that Starbucks's petition for review must be granted. But I would not remand the matter to the National Labor Relations Board. The Board has starkly deviated from fairminded, law-based adjudication. *See Space Expl. Techs. Corp. v. NLRB*, 151 F.4th 761, 778 & n.96 (5th Cir. 2025) (collecting commentary). And this case is yet another example of the Board's troubling tendencies.

Starbucks fired an employee named James Schenk. Why? Because Schenk called his female coworker with a documented medical condition a "dumb f***ing b**ch who can't even use cleaners" and "useless f***ing [person]." And Schenk called his store manager a "chicken s**t," a "f***ing c**k[]sucker," a "f***ing stupid[]" "lizard brain," and a "[f]***ing [p]***y" who "can suck my f***ing d**k." ROA.763–66, 979, 1049–50. If a company in this country cannot choose to fire someone for this sort of unhinged abuse, then Heaven help us.

The administrative law judge recognized the *obviously* correct fact that Schenk could be fired for his wild-eyed, profanity-laden rants—particularly because he directed some of them at a subordinate and the rest of them at his boss. ROA.985. Then the Board entirely ignored it. ROA.966–70. That is not the stuff of reasonable, fairminded adjudication. So I would not give the Board a second chance to do the right thing.